# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, for | * | |
| the use and benefit of | * | |
| TRIPLE S ALARM CO., INC. | * | |
|  | * | |
|  | * | |
| Plaintiff | * | NO: 4:10CV01505   SWW |
| VS. | * | |
|  | * | |
| WESTFIELD INSURANCE | * | |
| COMPANY | * | |
|  | * | |
| Defendant | * | |
|  | * | |
|  | * | |

## ORDER

Triple S Alarm Co., Inc. ("Triple S") brings this action against Westfield Insurance Company ("Westfield") pursuant to the Miller Act, 40 U.S.C. §§ 3131-3133.  Before the Court is Westfield's motion to dismiss or, alternatively, to stay pending arbitration  (docket entry #3) and Triple S's response in opposition (docket entry #4).  After careful consideration, and for reasons that follow, the motion to stay is denied, and the Court will treat the motion to dismiss as a motion for summary judgment.  Triple S has up to and including fourteen days from entry of this order in which to file a supplemental response regarding the timing of its notice required under 40 U.S.C. § 3133(b)(2).

## Background

The following facts are taken from the complaint.  Westfield, as surety, and Cooley

Constructors, Inc. ("Cooley"), as principal and general contractor, provided a payment bond for

a federal works project ("the Project") at the Little Rock Air Force Base.[1]  Cooley subcontracted

work to James Electric, Inc. ("James Electric"), which in turn contracted with Triple S.  Triple S

fully performed, but James Electric failed to pay Triple S the amount due under the subcontract.

By letter dated January 28, 2010, Triple S notified Westfield that it had provided labor

and equipment for the Project, pursuant to a subcontract with James Electric, and that James

Electric failed to pay the amount due.   The letter reads as follows:

RE: Bond #0042525

To Whom it May Concern,

Triple S Alarm provided labor and equipment to install a fire alarm system and Mass
Notification System for BRAC C-130 Little Rock Air Force Base, Jacksonville[,]
Arkansas, under contract to James Electric[,] Inc., subcontractor to the general
contractor, Cooley Constructors, Inc.  Our contract was for $32,530 and Triple S
Alarm Co., Inc. has not been paid one dime.

Triple S Alarm Co., Inc. is filing a claim against Bond #0042525 to receive payment.

Attached is the information we  sent to Cooley Constructors Inc. as submitted to
James Electric Inc.

Please respond as soon as possible.

Compl., Ex. B-1.

A letter to James Electric from Robert K. Cooley, dated February 4, 2010, states in part

as follows:

---

[1]Before any contract of more than $100,000 may be awarded for the construction of a
public work of the federal government, the Miller Act requires that a person furnish the
government a payment bond "with a surety satisfactory to the officer for the protection of all
persons supplying labor and material in carrying out the work provided for in the contract for the
use of each person."   40 U.S.C. § 3131(b)(2).

> *Triple S made a request for our bonding company.*  Ours is Westfield Insurance . . . . James Electric's bonding company is Granite Re'.  However, in such an instance where Triple S is responsible for causing financial damage well in excess of its contract amount, it seems that it would be more appropriate for James to provide Cooley Constructors with copy of Triple S liability insurance certificate to explore if there is any coverage for the damages caused in excess of contract balances.

Compl., Ex. B-2 (emphasis added).

On October 14, 2010, Triple S commenced the present action, asserting a claim under the Miller Act to recover under the payment bond.[2]

### Motion to Dismiss

Before any contract of more than $100,000 may be awarded for the construction of a public work of the federal government, the Miller Act requires that a person furnish the government a payment bond "with a surety satisfactory to the officer for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person."  40 U.S.C. § 3131(b)(2).  Subcontractors who furnish material or labor on federal construction work may sue on a payment bond, provided that certain notice requirements are met.

In support of its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Westfield asserts that Triple S failed to comply with the Miller Act's notice provision, which imposes a  90-day notice requirement as a prerequisite to bringing suit to recover on a payment bond furnished by a general contractor:

> A person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice

---

[2]"The Miller act creates a federal cause of action on a payment bond, which is separate and distinct from state law breach of contract actions, allowing persons

3

to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. The action must state with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. The notice shall be served--

> (A) by any means that provides written, third-party verification of delivery to the contractor at any place the contractor maintains an office or conducts business or at the contractor's residence; or

> (B) in any manner in which the United States marshal of the district in which the public improvement is situated by law may serve summons.

40 U.S.C. § 3133(b)(2).

Westfield asserts that Triple S failed to comply with the notice requirement by (1) sending written notice of its claim to Westfield, rather than Cooley and (2) failing to give notice of its claim within 90 days from the date on which it performed the last labor or furnished the last material for which its claim is made.

In response, Triple S points to the February 4, 2010 letter in which Robert K. Cooley acknowledged that Cooley received the written notice Triple S mailed to Westfield.  According to Triple S, Cooley's actual receipt of the notice satisfies the Miller Act.

The Court finds that because Cooley Constructors actually received Triple S's written notice, originally sent to Westfield, dismissal is not warranted based on a defect in the method of service.  *See Fleisher Engineering & Construction Co. v. United States*, 311 U.S. 15, 19, 61 S. Ct. 81, 83 (1940)("In the face of . . . receipt [of actual notice by the contractor], the reason for the particular mode of service fails.  It is not reasonable to suppose that Congress intended insist on an idle form.  Rather, we think that Congress intended to provide a method which would afford sufficient proof of service when receipt of the required written notice was not shown.").  The Court further finds that the content of the notice, which states the amount claimed and the

name of the party (James Electric) to whom the material was furnished or supplied or for whom the labor was done or performed, contains the information required under § 3133(b)(2).

As for the timing of the notice, Triple S alleges in its complaint that it last furnished labor or materials for which its claim is made on November 17, 2009, thus making its written notice, received by Cooley Constructors on or before February 4, 2010, timely.  Attached to the complaint is a copy of a document with the heading "technical service order," which indicates that on November 17, 2009, between 9:00 a.m. and 12:00 p.m., Triple S performed work at the Little Rock Air Force Base, in response to a request by James Electric to relocate a shut down button.  Compl., Ex. C.

Westfield disputes that November 17, 2009 marks the last day that Triple S performed under its subcontract with James Electric because the work it performed that day was merely warranty work, beyond the scope of the subcontract.  According to Westfield, the last day that Triple S furnished supplies or labor under its contract with James Electric was in or about September 2009, approximately four months before it received the written notice.  Westfield submits an affidavit by Robert K. Cooley, which states, "The Project was completed and accepted by the owner on or about September 29, 2009, at which time the warranty period for the project began."  Docket entry #3, Ex. A.

The Court is without sufficient information to determine whether the labor furnished by Triple S on November 17, 2009 was performed pursuant to its contract with James Electric, or whether the work was merely for the purpose of correcting or repairing defects in work already performed.  Because timely notice is a condition precedent to the right of action on a payment bond, the Court will consider Cooley's affidavit and **hereby notifies Triple S that the Court**

5

**will treat Westfield's motion to dismiss as one for summary judgment.**[3]  Triple S will have

fourteen days from the entry date of this order in which to file a supplemental response.

<u>**Motion for Stay Pending Arbitration**</u>

Westfield moves to stay this action pending ongoing arbitration proceedings between

James Electric and Cooley.  "[A] district court has discretion to stay 'third party litigation [that]

involves common questions of fact that are within the scope of the arbitration agreement' in the

Construction Contract."  *AgGrow Oils, L.L.C. v. National Union Fire Ins. Co. of Pittsburgh*, PA

242 F.3d 777, 782 (8th Cir. 2001)(quoting *Contracting Northwest, Inc. v. City of Fredericksburg*,

713 F.2d 382, 387 (8th Cir.1983) and citing *American Home Assurance Co. v. Vecco Concrete

Constr. Co.*, 629 F.2d 961, 964 (4th Cir.1980)).  Pending arbitration should be given priority to

the extent it is likely to resolve issues material to this lawsuit. On the other hand, "issues such as

the risk of inconsistent rulings, the extent to which parties will be bound by the arbitrators'

decision, and the prejudice that may result from delays must be weighed in determining whether

to grant a discretionary stay, and in fashioning the precise contours of any stay."  *AgGrow*, 242

F.3d at 783(citations omitted).

In support of its motion, Westfield simply asserts that "[i]n order to determine the merits

of [Triple S's] claims, it will be necessary to first establish what, if anything, is owed to [James

Electric]."  Docket entry #3, at 8. Westfield does not explain how Triple S's right to recover

under the payment bond is contingent on  what is owed to James Electric, or how arbitration is

likely to resolve issues material to this lawsuit.  Nor does Westfield address the factors, listed

---

[3]*See* Fed. R. Civ. P. 12(b) ("When matters outside of the pleadings are presented to and
not excluded by the court, the motion shall be treated as one for summary judgment and disposed
of as provided in Rule 56.").

above, which must be considered in deciding whether a case should be stayed pending arbitration between non-parties.  Based on the current record, the Court cannot find that a stay is warranted.

IT IS THEREFORE ORDERED that Defendant's motion for a stay pending arbitration (docket entry #3) is DENIED, and Defendant's motion to dismiss (docket entry #3), which the Court treats as a motion for summary judgment, is held in abeyance pending Plaintiff's supplemental response.  Plaintiff has up to and including fourteen days from entry of this order in which to file a supplemental response.

IT IS SO ORDERED THIS 22nd DAY OF MARCH, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE